**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JOSEPH M. FUSCO III,
    *Plaintiff,*

    *v.*

MONROE COUNTY, NEW YORK,
MONROE COUNTY CLERK,
MONROE COUNTY SHERIFF,
    *Defendant.*

25 CV 6505 MAV

Civil Action No. _____

# COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS
# UNDER 42 U.S.C. § 1983

## JURISDICTION AND THE CONSTITUTIONAL CRISIS

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 for ongoing violations of the Fourteenth Amendment. For 256 days, I have been trapped in a jurisdictional void where no court will remedy clear constitutional violations. This void itself violates due process and requires federal intervention.

The United States Bankruptcy Court defers to state court on domestic relations matters despite $475,204 in estate property being controlled by a non-debtor through void orders. Monroe County Supreme Court claims no jurisdiction over bankruptcy estate property while simultaneously enforcing orders affecting that same property. This federal court typically abstains under Younger, though no state proceeding can address Monroe County's administrative practice of accepting orders without motions. State appellate review is stayed by the bankruptcy proceedings, creating an indefinite denial of review. This jurisdictional shell game has continued for 256 days while I remain displaced from my home without any motion ever being filed for my removal.

The domestic relations exception does not bar this action. I seek no divorce, alimony, or custody determination. I challenge only Monroe County's administrative practice of accepting void orders. See *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (exception applies only to diversity cases seeking domestic relations decrees).

## THE ABSENCE OF DUE PROCESS

Supreme Court Justice Judge James E. Walsh Jr. ordered my spouse, Megan R. Fusco, to vacate the marital residence by October 18, 2024. Between that date and January 10, 2025, no motion was filed in NYSCEF seeking to vacate, modify, or supersede Judge Walsh's order. This is not opinion or interpretation—it is verifiable fact through the public docket.

On January 10, 2025, without any filed motion, without any notice to me, and without any opportunity to be heard, Judge Gail A. Donofrio reversed Judge Walsh's order and displaced me from my home. The transcript reveals exactly what occurred. My wife's attorney stated "I

would ask for exclusive use" and the judge immediately responded "The Court will grant that application." No papers. No process. Just immediate deprivation of fundamental rights with a threat of six months jail for any violation.

This deprivation violates the most fundamental requirements of due process. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965) ("A judgment entered without notice or service is constitutionally infirm"). *Peralta v. Heights Medical Center*, 485 U.S. 80, 84 (1988) ("Failure to give notice violates the most rudimentary demands of due process"). *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993) (property deprivation requires pre-deprivation hearing).

When I demanded to see the motion that justified my displacement, Principal Law Clerk Alison Carling, Esq., acting in her administrative capacity as keeper of court records, could only respond that I had "full access to NYSCEF." She could not identify a motion because none exists. This response constitutes an admission by Monroe County's administrative officer that the order was entered without the jurisdictional prerequisite of a filed motion.

## MONROE COUNTY'S SYSTEMATIC VIOLATION

Monroe County Clerk, as an administrative officer, accepted and docketed an order for which no motion exists, violating CPLR 2214's mandatory requirements that motions "shall" be made upon notice. Monroe County Sheriff, as an enforcement officer, stands ready to jail me for six months for violating an order entered without jurisdiction. These are not judicial acts protected by immunity but administrative and enforcement functions of Monroe County. *Forrester v. White*, 484 U.S. 219, 227-29 (1988) (distinguishing administrative from judicial functions). *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993) (court clerks performing ministerial duties lack immunity).

On September 9, 2025, my own court-appointed counsel confirmed what I had discovered: "CPLR 2214's requirements are optional in Monroe County, in practice." This admission reveals a custom so persistent and widespread that it constitutes official county policy. Monroe County's final policymakers have actual or constructive knowledge of this practice, as evidenced by the Principal Law Clerk's inability to identify required motions when directly challenged and her admission that I should search for myself in a system where no motion exists.

Monroe County's practice extends beyond my case. Discovery will reveal how many orders the County Clerk has docketed without underlying motions. My attorney's statement that CPLR 2214 is "optional in Monroe County" reflects widespread custom. The Principal Law Clerk's inability to identify basic jurisdictional prerequisites demonstrates institutional acceptance of this practice.

This custom has destroyed my life. For 256 days, I have been excluded from my home while paying $4,000 monthly for property I cannot access. I have been denied even a single overnight with my eleven-year-old daughter. My home-based business has collapsed. Each day of continued displacement constitutes a new constitutional violation that no court will remedy.

## WHY FEDERAL INTERVENTION IS MANDATORY

*Rooker-Feldman* does not bar this action because I seek no review of judicial decisions. I challenge Monroe County's administrative practice of accepting and enforcing orders without

motions—ministerial functions entirely separate from judicial acts. The absence of a motion is not a judicial determination but a clerical fact verifiable through public records.

*Younger* abstention cannot apply where no adequate state forum exists. State courts cannot enjoin Monroe County's administrative officers from accepting void orders. The state appellate process addresses judicial decisions, not county administrative customs. Moreover, enforcement of void orders is not a "proceeding" protected by Younger—it is a nullity, a legal impossibility that cannot be clothed with legitimacy through abstention doctrines.

Judicial immunity does not protect administrative acts. The County Clerk's acceptance of orders without motions and the Sheriff's enforcement thereof are not judicial functions. These are ministerial duties that, when performed in violation of mandatory statutory requirements, create municipal liability under § 1983.

Under *Ex parte Young*, 209 U.S. 123 (1908), federal courts may enjoin state officers from enforcing unconstitutional practices. The County Clerk and Sheriff, in their official capacities, can be enjoined from accepting and enforcing void orders.

Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), the process due depends on: (1) the private interest affected—here, my home and parental rights, the most fundamental interests protected by the Constitution; (2) the risk of erroneous deprivation—absolute certainty when no motion exists to provide notice or opportunity to respond; and (3) the government's interest—none, as filing motions imposes minimal burden while ensuring basic fairness. The balance overwhelmingly favors requiring actual motions before property deprivation.

### THE TRAP I CANNOT ESCAPE

If this Court refuses jurisdiction, it will have established that in the United States of America, a citizen can be stripped of property and parental rights without any motion being filed, without any notice, without any hearing, and without any forum for redress. The very existence of a jurisdictional void that permits ongoing constitutional violations is itself the constitutional violation requiring federal remedy.

When all state forums fail and federal forums abstain, citizens have no recourse but this Court. The Fourteenth Amendment's promise of due process becomes meaningless if courts can simply point to each other while constitutional violations continue daily. Each court's refusal to act enables Monroe County's lawlessness to continue. Winter approaches while I remain without stable housing based on an order for which no motion exists, paying for property I cannot access, denied contact with my child, all because Monroe County maintains a practice of entering life-altering orders without the basic requirement of a filed motion.

The January 10 transcript proves this is not hyperbole. My displacement occurred through two sentences: a request and a grant, with no papers, no process, no opportunity to be heard. Monroe County knows no motion exists—the Principal Law Clerk admitted as much—yet continues enforcement, demonstrating deliberate indifference to constitutional rights.

## RELIEF REQUESTED

I request this Court:

1.  Declare that orders entered without filed motions are void ab initio;
2.  Enjoin the Monroe County Clerk from docketing orders lacking proper motions;
3.  Enjoin the Monroe County Sheriff from enforcing void orders;
4.  Order immediate restoration of my possession of 211 West Bloomfield Road;
5.  Award actual damages of $83,200, comprised of:
    a.  Housing costs: $200/day x 256 days = $51,200
    b.  Mortgage/taxes on inaccessible property: $4,000/month x 8 months = $32,000
6.  Award punitive damages sufficient to deter Monroe County's unconstitutional practice;
7.  Grant an emergency temporary restraining order preventing enforcement of the void January 10, 2025 order;
8.  Refer this matter to the United States Attorney for investigation of systematic civil rights violations;
9.  Award attorneys' fees under 42 U.S.C. § 1988 should counsel be obtained;
10. Exercise supplemental jurisdiction as necessary to grant complete relief;
11. Award costs and such other relief as justice requires.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual allegations herein are true and correct. No motion for the January 10, 2025 order exists in NYSCEF. I have been displaced for 256 days based on this void order while being denied access to any forum for relief.

Dated:  September 23, 2025

Joseph M. Fusco III, *Pro Se*
211 W Bloomfield Road
Pittsford, NY 14534
(585) 317-1707
hello@josephfus.co