# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

JOSEPH FUSCO,

            Plaintiff,　　　　**INTERIM ORDER**

-VS-　　　　　　　　　　　　　　　Index No.: I2024000429

MEGAN FUSCO,

            Defendant.

---

NOTICE:　YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY, AFTER COURT HEARING, RESULT IN YOUR COMMITMENT OF JAIL FOR A TERM NOT TO EXCEED SIX (6) MONTHS, FOR CONTEMPT OF COURT.

    WHEREAS, this matter having come before the Court on October 8, 2024 with The Siragusa Law Office, Kristen H. Porpora, Esq., appearing with and for the Defendant, Megan Fusco; the Plaintiff, Joseph Fusco, appearing *pro se*; and Attorney for the Child, Lovely Warren, Esq. appearing for the minor child; and

    After hearing the parties' respective positions;

    IT IS HEREBY:

    **ORDERED** that the Plaintiff and Defendant shall cooperate and file for bankruptcy within three (3) weeks of October 8, 2024. Should this not be effectuated by October 31, 2024, then the marital residence located at 211 West Bloomfield Road, Pittsford, New York 14534 shall immediately be listed for sale; and it is further

    **ORDERED** that the Defendant shall secure a new residence away from the marital home by October 18, 2024; and it is further

5

ORDERED that the child, Delaney Fusco, shall be immediately enrolled in psychotherapy; and it is further

ORDERED that the Plaintiff shall pay child support to the Defendant in accordance to the following calculations with the first payment being on October 11, 2024:

Gross income:
Defendant: (imputed) $31,200.00    Adjusted: $28,813.00    Pro Rata 20%
Plaintiff: $134,642.00              Adjusted: $124,341.89   80%

Combined Parental Income: $153,155.09
Applicable child support: 17%
**Monthly: $1,636.24, paid to Defendant**

ORDERED that the Plaintiff shall pay temporary Maintenance to the Defendant in the amount of $1,593.73 per month starting October 11, 2024.

ORDERED that all payments shall be paid directly to the Defendant.

Dated: Oct. 22, 2024

_____
Hon. James E. Walsh
Monroe County Supreme Court

ENTER.

6

# EXHIBIT 2

```
STATE OF NEW YORK         COUNTY OF MONROE

SUPREME COURT
-----------------------------------------X
JOSEPH M. FUSCO III,                      :   Index No.

                    Plaintiff,            :   I2024000429

    -vs-                                  :

                                          :

MEGAN R. FUSCO,                           :

                    Defendant.            :   Motion
-----------------------------------------X
```

                Hall of Justice
                Rochester, New York
                January 10, 2025

BEFORE:

        HON. GAIL A. DONOFRIO

        Supreme Court Justice

APPEARANCES:

        CLARK PESHKIN
            80 Linden Oaks, Suite 310
            Rochester, New York 14625
            By:  MEREDITH A. BETTENHAUSER, ESQ.
              Attorney for the Plaintiff

        LISA S. SIRAGUSA, ESQ.
            19 Prince Street
            Rochester, New York 14607
              Attorney for the Defendant

REPORTED BY:                KELLY A. COCCHO, NYRCR
                              Senior Court Reporter

|  |  |
|--|--|
| 1 | like he's trying to constructively evict her.  He packs |
| 2 | her stuff.  He, you know, gives her room restrictions, |
| 3 | showering schedules, packed up her bedroom.  Delaney |
| 4 | sees all of this, Judge. |

10:59:19  5            I don't know -- he hasn't followed the order
       6  to date, I understand and I really appreciate the
       7  Court's prompt hearing, but in the interim, Judge, I
       8  would ask -- I know he has a girlfriend.  He works at
       9  his girlfriend's, he spends a lot of time at his
10:59:31 10  girlfriend's.  I would ask for exclusive use until the
      11  hearing, just so my client and Delaney --
      12            THE COURT:  The Court will grant that
      13  application.
      14            MS. SIRAGUSA:  Thank you, Judge.
10:59:39 15            THE COURT:  Please give me an order to that
      16  effect and -- I'm sorry.  There was something else that
      17  I --
      18            MS. BETTENHAUSER:  Judge, I don't know where
      19  Ms. Siragusa is getting that information.  My client
10:59:52 20  doesn't have a significant other --
      21            THE COURT:  It doesn't matter, I could care
      22  less.
      23            MS. BETTENHAUSER:  She lives in Pennsylvania,
      24  Judge.
10:59:56 25            THE COURT:  I don't care.

# EXHIBIT 3

At a term of the New York State Supreme Court held in and for the County of Monroe, Hall of Justice at Rochester, on the 10th day of January, 2025.

PRESENT: **HON. GAIL A. DONOFRIO**
SUPREME COURT JUSTICE

STATE OF NEW YORK
COUNTY OF MONROE    SUPREME COURT

---

JOSEPH M. FUSCO, III,

          Plaintiff,

- against -

MEGAN R. FUSCO,

          Defendant.

**ORDER FOR EXCLUSIVE USE AND OCCUPANCY**

Case No. IDV-60051-24/001
Index No. I2024000429

---

**NOTICE: YOUR WILLFUL FAILURE TO OBEY THIS ORDER MAY, AFTER A COURT HEARING, RESULT IN YOUR COMMITMENT TO JAIL FOR A TERM NOT TO EXCEED SIX (6) MONTHS, FOR CONTEMPT OF COURT.**

The above captioned action having come before the undersigned on January 10, 2025 and the Plaintiff Joseph M. Fusco III having appeared by and through his attorney, Meredith Bettenhauser, Esq.; and Defendant Megan R. Fusco having appeared by and through her attorney Lisa S. Siragusa, Esq.; and Lovely Warren, Esq., Attorney for the Child, having appeared on behalf of DELANEY FUSCO (DOB: 11/03/2013); and

NOW, upon hearing arguments by all counsel and without prejudice to either party; it is hereby

**ORDERED,** that Defendant, MEGAN R. FUSCO, has exclusive use and occupancy of the marital home located at 211 West Bloomfield Road, Pittsford, New York 14534; and it is further

**ORDERED,** that Plaintiff, JOSEPH M. FUSCO, III, immediately vacate the marital home; and it is further

9

**ORDERED,** that this Order shall be enforceable pursuant to Section 234 and 236B(5)(f) of the Civil Practice Law and Rules, or in any other manner provided by law; and it is further

**ORDERED,** that this Order shall remain in full force and effect until otherwise modified by this Court.

Dated: January 10, 2025

ENTER.

*/s/ Gail A. Donofrio*
Hon. Gail A. Donofrio, J.S.C.

# EXHIBIT 4

**From:** Kristen Porpora KPorpora@siragusalawoffice.com
**Subject:** Fusco v Fusco
**Date:** July 16, 2025 at 4:43 PM
**To:** Alison M. Carling acarling@nycourts.gov, Joseph Fusco hello@josephfus.co

Please see attached

Kristen H. Porpora, Esq.
Siragusa Law Office
19 Prince Street
Rochester, New York 14607
*PLEASE NOTE WE DO NOT ACCEPT SERVICE VIA EMAIL

ATTORNEY CLIENT COMMUNICATIONS
PRIVILEDGED AND CONFIDENTIAL

NOTICE: This communication may contain privileged or other confidential information intended to be for the use of the individual(s) above. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use this information. Please indicate to the sender that you have received this email in error and delete the copy that you have received. Thank you.

**From:** Alison M. Carling ACARLING@nycourts.gov
**Subject:** RE: Fusco v Fusco
**Date:** July 17, 2025 at 9:22 AM
**To:** Kristen Porpora KPorpora@SiragusaLawOffice.com, Joseph Fusco hello@josephfus.co
**Cc:** Kathleen Saltrelli ksaltrel@nycourts.gov, lwarren@lovelywarrenlaw.com

Counsel and Mr. Fusco,

Upon review of Justice Sinclair's handwritten additions to the OTSC filed by Mr. Fusco, personal service was required. It seems that personal service was not achieved prior to 7/14 as directed.

Therefore, the Court is adjourning all matters to the hearing date of Friday, August 8 at 10 am in person at the Hall of Justice.

Thank you for your attention to this matter.

Sincerely,
Alison

Alison M. Carling, Esq.
Principal Law Clerk to the Hon. Gail A. Donofrio
Monroe County Supreme Court
(585) 371-3499

**From:** hello@josephfus.co
**Subject:** Re: Fusco v Fusco
**Date:** July 17, 2025 at 11:49 AM
**To:** Alison M. Carling ACARLING@nycourts.gov
**Cc:** Kristen Porpora KPorpora@SiragusaLawOffice.com, Kathleen Saltrelli ksaltrel@nycourts.gov, Lovely Warren lwarren@lovelywarrenlaw.com, lisa@siragusalawoffice.com

Counsel and Ms Carling,

NYSCEF service was sufficient for orders removing me from my home without any paper motion filed. It must be sufficient for **emergency firearms threats** with my child present and admitted criminal activity that violates CPS recommendations.

I am contacting the Commission on Judicial Conduct regarding disparate application of service requirements where child safety is at risk.

**If the Court maintains personal service is required, then I move to vacate the January 10 and March 11 orders for lack of personal service of the written motion for exclusive use and following orders.**

I reserve all rights including mandamus relief.

Respectfully,
Joseph M. Fusco III
*Plaintiff Pro Se*
211 W Bloomfield Rd
Pittsford, NY 14534

**From:** Alison M. Carling ACARLING@nycourts.gov
**Subject:** RE: Fusco v Fusco
**Date:** July 17, 2025 at 12:33 PM
**To:** hello@josephfus.co
**Cc:** Kristen Porpora KPorpora@SiragusaLawOffice.com, Kathleen Saltrelli ksaltrel@nycourts.gov, Lovely Warren lwarren@lovelywarrenlaw.com, lisa@siragusalawoffice.com

Mr. Fusco,

This Court received your OTSC via email and NYCEF filing on Monday, July 7, 2025. Per Ms. Saltrelli's email to you on July 8, 2025, you were informed that both Justice Donofrio and I were out of the office and could review and schedule the OTSC upon return. On Thursday, July 10th you again emailed Ms. Saltrelli demanding the matter be sent to the Duty Judge for immediate judicial review. Ms. Saltrelli complied and sent the OTSC to the Part 1 judge. As you are also aware, Justice Sinclair included the requirement of personal service in the Order that you requested her to sign. As personal service was not achieved per Judge Sinclair's Order, this court rescheduled this matter. Per my email from this morning, all matters are now calendared for the previously scheduled August 8 at 10 am trial date.

Sincerely,

Alison M. Carling, Esq.
Principal Law Clerk to the Hon. Gail A. Donofrio
Monroe County Supreme Court
(585) 371-3499

**From:** hello@josephfus.co
**Subject:** Re: Fusco v Fusco
**Date:** July 17, 2025 at 1:01 PM
**To:** Alison M. Carling ACARLING@nycourts.gov
**Cc:** Kristen Porpora KPorpora@SiragusaLawOffice.com, Kathleen Saltrelli ksaltrel@nycourts.gov, Lovely Warren lwarren@lovelywarrenlaw.com, lisa@siragusalawoffice.com

Ms. Carling,

Judge Sinclair found immediate danger requiring emergency relief. Yet this Court delays 3 weeks while someone who admitted criminal trespass threatens firearms access.

Your timeline confirms disparate treatment:
- January 10: No motion + No personal service = I'm displaced
- July 17: Criminal admission + Firearms threats = Denied due to technicality

Ms. Fusco admitted breaking into locked corporate property (Penal Law § 140.05). She threatens locksmith access to firearms. These are not allegations - they're written admissions.

Moreover, Justice Sinclair added personal service **but did NOT strike NYSCEF service**, creating ambiguity. When ambiguity exists regarding children's safety and firearms threats, any reasonable court would err on the side of holding the emergency hearing. The Court chose the *strictest* interpretation over child safety. This is now documented.

If personal service is jurisdictionally required, the January 10 and March 11 orders must be void. Moreover, these orders are already void ab initio due to lack of proper motion practice - no written motion was ever filed.

I trust the Court understands that administrative decisions preventing emergency hearings on firearms threats carry serious implications should harm occur during this delay.

Respectfully,
Joseph M. Fusco III
Plaintiff Pro Se
211 W Bloomfield Rd
Pittsford, NY 14534

15

**From:** hello@josephfus.co
**Subject:** Re: Fusco v Fusco
**Date:** July 18, 2025 at 9:34 AM
**To:** Alison M. Carling ACARLING@nycourts.gov
**Cc:** Kristen Porpora KPorpora@SiragusaLawOffice.com, Kathleen Saltrelli ksaltrel@nycourts.gov, Lovely Warren lwarren@lovelywarrenlaw.com, lisa@siragusalawoffice.com

Ms. Carling,

Please provide:
1. A motion for exclusive use filed between the October hearing with Judge Walsh and the January hearing with Judge Donofrio;
2. Proof of service for said motion;
3. Any motion to vacate the October order directing Defendant to leave by October 18.

If no motion to vacate was filed, the October order remains in full force and effect. **Defendant has been in contempt for 274 days.**

**If these documents cannot be furnished, I respectfully request Judge Donofrio's recusal.**

Please respond by 5PM today.

Respectfully,
Joseph M. Fusco III
Plaintiff Pro Se
211 W Bloomfield Rd
Pittsford, NY 14534

16

**From:** Alison M. Carling ACARLING@nycourts.gov
**Subject:** RE: Fusco v Fusco
**Date:** July 18, 2025 at 9:57 AM
**To:** hello@josephfus.co
**Cc:** Kristen Porpora KPorpora@SiragusaLawOffice.com, Kathleen Saltrelli ksaltrel@nycourts.gov, Lovely Warren lwarren@lovelywarrenlaw.com, lisa@siragusalawoffice.com

Mr. Fusco,
You have full access to NYCEF.
Sincerely,

Alison M. Carling, Esq.
Principal Law Clerk to the Hon. Gail A. Donofrio
Monroe County Supreme Court
(585) 371-3499

**From:** hello@josephfus.co
**Subject:** Re: Fusco v Fusco
**Date:** July 18, 2025 at 2:58 PM
**To:** Alison M. Carling ACARLING@nycourts.gov
**Cc:** Kristen Porpora KPorpora@SiragusaLawOffice.com, Kathleen Saltrelli ksaltrel@nycourts.gov, Lovely Warren lwarren@lovelywarrenlaw.com, lisa@siragusalawoffice.com

Ms. Carling,

NYSCEF review confirms that between Doc #55 (October 22, 2024) and Doc #99 (January 10, 2025), the record contains:

- No motion for exclusive use
- No proof of service
- No notice of motion

Yet these phantom documents somehow superseded Judge Walsh's order and CPLR 2214.
In contrast, my emergency OSC (Doc #219) regarding firearms access and child safety included:

- Written motion properly filed
- NYSCEF and email service
- Judge Sinclair's signed order finding immediate danger

This safety matter was cancelled for alleged service deficiencies. The Court applies strict procedural requirements only to emergency child safety matters while accepting phantom filings for property orders.

This documented pattern and practice requires explanation.

Respectfully,
Joseph M. Fusco III
Plaintiff Pro Se
211 W Bloomfield Rd
Pittsford, NY 14534