**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
FILED
SEP 2 3 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

JOSEPH M. FUSCO III,
   *Plaintiff,*
   *v.*
MONROE COUNTY, NEW YORK,
MONROE COUNTY CLERK,
MONROE COUNTY SHERIFF,
   *Defendant.*

25 CV 6505 MAV

Civil Action No. _____

# MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Joseph M. Fusco III respectfully moves this Court for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b).

## I. IRREPARABLE HARM

For 256 days, I have been displaced from my home by an order for which no motion was ever filed. Each day constitutes a new constitutional violation without remedy. I face six months imprisonment if I attempt to enter my own property. Winter approaches while I lack stable housing. I cannot access my home-based business. I am denied overnight visits with my eleven-year-old daughter. No damages can restore these lost days.

## II. LIKELIHOOD OF SUCCESS ON THE MERITS

The January 10, 2025 order is void ab initio. No motion exists in NYSCEF—this is verifiable fact, not legal opinion. The Principal Law Clerk admitted she could not identify any motion when directly challenged. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965) holds that judgments without notice are "constitutionally infirm." Defendants cannot claim immunity for enforcing void orders. *Forrester v. White*, 484 U.S. 219 (1988).

## III. BALANCE OF EQUITIES

Defendants suffer no harm from being required to follow CPLR 2214's mandatory requirements before entering orders. I suffer ongoing constitutional deprivation daily.

## IV. PUBLIC INTEREST

The public interest demands government follow basic procedural requirements before depriving citizens of fundamental rights. Allowing enforcement of void orders undermines the rule of law.

1

## V. NO ADEQUATE REMEDY AT LAW

State courts claim no jurisdiction over bankruptcy estate property. Bankruptcy court defers to state domestic relations. State appellate review is stayed. This jurisdictional void leaves me without remedy absent federal intervention.

WHEREFORE, Plaintiff requests this Court immediately:

1. Enjoin enforcement of the void January 10, 2025 order;
2. Declare Judge Walsh's October 22, 2024 order remains in effect and order restoration of Plaintiff's possession of 211 West Bloomfield Road;
3. Prohibit Defendants from docketing or enforcing orders without filed motions.

No bond should be required. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171 (6th Cir. 1995).

I certify that notice to Defendants is not required under Rule 65(b)(1)(A) as immediate and irreparable injury will result before Defendants can be heard—specifically, continued daily displacement from my home and business.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 23, 2025

Joseph M. Fusco III, *Pro Se*
211 W Bloomfield Road
Pittsford, NY 14534
(585) 317-1707
hello@josephfus.co

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JOSEPH M. FUSCO III,
    *Plaintiff,*
    v.
MONROE COUNTY, NEW YORK,               Civil Action No. _____
MONROE COUNTY CLERK,
MONROE COUNTY SHERIFF,
    *Defendant.*

---

### [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's Motion for
Temporary Restraining Order (ECF No. ____ ) and review of the Complaint (ECF No. ____ ).

1. Judge Walsh's October 22, 2024 order directing Megan Fusco to vacate remains valid;
2. The January 10, 2025 order was entered without any motion filed, rendering it void ab initio. *Armstrong v. Manzo*, 380 U.S. 545 (1965);
3. Plaintiff suffers irreparable harm through continued displacement from his residence and pre-marriage corporate office;
4. The balance of equities favors requiring procedural due process.

THEREFORE, IT IS HEREBY ORDERED:

1. The January 10, 2025 order is VOID and unenforceable;
2. Judge Walsh's October 22, 2024 order remains in full effect;
3. Plaintiff SHALL have immediate possession of 211 West Bloomfield Road, Pittsford, NY including his pre-marriage corporate office;
4. U.S. Marshals SHALL assist in peaceful possession if necessary;
5. Monroe County Sheriff SHALL NOT enforce the void order or threaten arrest;
6. Enforcement of the January 10, 2025 order against Plaintiff is enjoined; non-party Megan Fusco SHALL be notified via Monroe County Sheriff to vacate 211 West Bloomfield Road within 48 hours; Plaintiff will serve non-party Megan Fusco with this Order via Sheriff within 24 hours of issuance.
7. Monroe County Clerk SHALL NOT docket orders without filed motions;
8. No security bond required. Fed. R. Civ. P. 65(c);
9. This Order remains pending further order of this Court;
10. Preliminary injunction hearing: _____, 2025 at _____.

IT IS SO ORDERED.

Dated: _____, 2025         _____
                                 United States District Judge