UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH M. FUSCO, III,

      Plaintiff,

v.

MONROE COUNTY, NEW YORK,
MONROE COUNTY CLERK,
MONROE COUNTY SHERIFF,

      Defendants.
_____

25-CV-6505-MAV
DECISION & ORDER

*Pro se* Plaintiff, Joseph M. Fusco, III, filed a complaint and motion for a temporary restraining order ("TRO"), purporting to challenge "Monroe County's administrative practice of accepting and enforcing orders without motions—ministerial functions entirely separate from judicial acts"—in connection with an ongoing matrimonial action in state court. ECF No. 1 at 1–4. He paid the filing fee. Plaintiff thereafter filed a motion for a preliminary injunction, reiterating his requests for relief to enjoin the "County of Monroe, its officers, agents, and employees from further enforcing any state orders or procedures issued without motion, notice, or written findings in violation of Plaintiff's due-process rights under the Fifth and Fourteenth Amendments," now allegedly also including an October 14, 2025 order of protection issued against him. ECF No. 7. Defendants filed a motion to dismiss, ECF No. 6, to which Plaintiff responded, ECF No. 8. Plaintiff also filed subsequent documents in support of his requests for relief on October 29, 2025. ECF Nos. 9–11.

1

For the reasons that follow, Defendants' motion to dismiss is granted. Plaintiff's complaint is dismissed with leave to amend only as directed below. His motions for a TRO and a preliminary injunction are denied as moot.

## BACKGROUND

The following facts are taken from Plaintiff's complaint, exhibits on which Plaintiff relies, and additional facts supplemented by Defendants to the extent they bear on the Court's jurisdiction. *Carlisle v. Bd. of Trs. of Am. Fed'n of New York State Teamsters Conf. Pension & Ret. Fund*, No. 8:21-CV-00455 (BKS/DJS), 2025 WL 438123, at *13 (N.D.N.Y. Feb. 7, 2025) (the Court may refer to evidence outside the pleadings in considering a Rule 12(b)(1) motion to dismiss); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) ("A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (quotation omitted)). The Court accepts the facts alleged in Plaintiff's complaint as true for the purpose of resolving the instant motion to dismiss. However, the legal conclusions or opinions couched as factual allegations in Plaintiff's complaint do not carry the same presumption of truthfulness. *See In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

There are minimal factual allegations contained in Plaintiff's complaint and accompanying motions for injunctive relief. From what the Court can glean, Plaintiff is subject to ongoing matrimonial proceedings in state court and, potentially, federal bankruptcy court—both of which have impacted his ability to reside at a piece of real property that once served as a marital home (the "Property"). ECF No. 1 at 1. In

October 2024, Monroe County Supreme Court Judge James E. Walsh, Jr., ordered that Plaintiff's spouse[1] vacate the marital residence as part of the, then and still ongoing, matrimonial action and, *inter alia*, that the parties "shall cooperate and file for bankruptcy." *Id.*; ECF No. 1-1 at 1–2. Plaintiff's complaint alleges that during a hearing held on January 10, 2025, Monroe County Supreme Court Judge Gail A. Donofrio "reversed Judge Walsh's order and displaced [him] from [his] home" "without any notice to [him] and without any opportunity to be heard." ECF No. 1 at 1. Plaintiff's complaint states that during the January 10 hearing, his spouse's attorney said, "I would ask for exclusive use" of the Property "and the judge immediately responded, '[t]he Court will grant that application.'" *Id.* at 2. That request was granted with "[n]o papers," and "[n]o process" per Plaintiff's complaint. *Id.*

> Plaintiff then alleges:
>
> When I demanded to see the motion that justified my displacement, Principal Law Clerk Alison Carling, Esq., acting in her administrative capacity as keeper of court records, could only respond that I had "full access to NYSCEF."[2] She could not identify a motion because none exists. This response constitutes an admission by Monroe County's administrative officer that the order was entered without the jurisdictional prerequisite of a filed motion.

*Id.*

Plaintiff alleges that the action of docketing "an order for which no motion exists" violates the state rule of civil procedure that motions "shall" be made upon

---

[1] It is irrelevant to the Court's Order whether Plaintiff's alleged "spouse" is in fact his "former spouse," and the Court defers to Plaintiff's characterization.

[2] NYSCEF is the electronic filing system used by the New York State Unified Court System.

notice. *Id.*; *see* N.Y. C.P.L.R. § 2214. He equates this violation of state court rules with a violation of his due process rights. *See* ECF Nos. 1, 3, 7. Because, Plaintiff contends, his attorney told him that "CPLR 2214's requirements are optional in Monroe County" and "[d]iscovery will reveal how many orders the County Clerk has docketed without underlying motions," Monroe County is liable for its widespread practices that caused the clerks in his case to docket an order without a corresponding motion. *Id.* at 2; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978). Plaintiff does not allege any actions taken or not taken by the Monroe County Sheriff deprived him of his constitutional rights other than stating that the "Monroe County Sheriff, as an enforcement officer, stands ready to jail [him] for six months for violating an order entered without jurisdiction." ECF No. 1 at 2.

Plaintiff alleges that this "custom"—of docketing and enforcing orders that lack "jurisdiction" for failure to be preceded by a written motion has "destroyed [his] life" in the followings ways: he has been excluded from his home since the January 2025 order "while paying $4,000 monthly for property [he] cannot access;" he has been denied any overnight visits with his daughter; and his home-based business "has collapsed." *Id.* He emphasizes that "[e]ach day of continued displacement constitutes a new constitutional violation that no court will remedy." *E.g., id.*

## LEGAL STANDARDS

### I. Motions to Dismiss

"When a party moves for dismissal under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first." *Burton v. Wells Fargo Bank, N.A.*,

4

738 F. Supp. 3d 272, 286 (E.D.N.Y. 2024) (quotation omitted). "This is because if a court determines that it lacks subject-matter jurisdiction, then the defendant's 'other defenses and objections become moot and do not need to be determined.'" *Id.* (quoting *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019)).

In reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," and refrain from "drawing from the pleadings inferences favorable to the party asserting jurisdiction." *Id.* (quotation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 287 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "District courts must interpret a *pro se* complaint to raise the strongest claims that it suggests." *Id.* (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

"The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Id.* at 286 (quoting *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998)). As noted, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Id.* (quotation omitted). "Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Id.* (quotation omitted); *see also Carlisle*, 2025 WL 438123, at *8.

5

## II.   Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely . . . , that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 646, 639 (2d Cir. 2007) (quotation omitted). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

Plaintiff claims that his due process rights have been violated by Defendants and seeks relief under 42 U.S.C. § 1983. ECF No. 1 at 1, 4. Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). ECF No. 6. The Court finds that dismissal is warranted under Rule 12(b)(1) due to a lack of subject matter jurisdiction.

## I.   *Rooker-Feldman* Doctrine

Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine—named *for Rooker v. Fidelity*

*Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *DeRaffele v. Unified Ct. Sys. of New York*, No. 24-CV-1920 (CS), 2024 WL 1329355, at *5 (S.D.N.Y. Mar. 26, 2024) (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)).

Plaintiff argues that his claims are not barred by the *Rooker-Feldman* doctrine because he "seek[s] no review of judicial decisions," and instead "challenge[s] Monroe County's administrative practice of accepting and enforcing orders without motions—ministerial functions entirely separate from judicial acts." ECF No. 1 at 2–3. The inherent and unavoidable nature of Plaintiff's claims are nonetheless apparent. The first form of relief requested in Plaintiff's complaint is for this Court to "[d]eclare that orders entered without filed motions are void *ab initio*." *Id.* at 4. He also seeks, *inter alia*, an injunction preventing the Monroe County Sheriff from enforcing "void orders," and he seeks an order "immediate[ly] restor[ing]" his possession of the Property. *Id.*

Though Plaintiff attempts to shift focus to "ministerial" activities, Plaintiff's fundamental argument is that the Monroe County Clerk and the Monroe County Sheriff have violated his constitutional rights because they are carrying out their "administrative" duties in the typical manner which implies the validity of certain

7

court orders—when in fact the orders are void. Plaintiff is plainly seeking this Court's review and rejection of prior state-court judgments in his ongoing matrimonial action and subsequent actions that are directly and completely caused by the issuance of such judgments. His claims are barred by the *Rooker-Feldman* doctrine. *See, e.g., Gilmore v. Greene Cnty. Dep't of Soc. Servs.,* No. 07-CV-919, 2007 WL 4180749, at *2 (N.D.N.Y. Nov. 20, 2007) ("inferior federal courts have no authority to review judgments of state courts in judicial proceedings and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court"); *Botsas v. United States,* 5 Fed. App'x 69, 70 (2d Cir. 2001) (*Rooker-Feldman* doctrine applies where a district court's exercise of jurisdiction "would result in reversal or modification of a state court judgment"); *Smith v. D'Agostino,* No. 25-CV-1265-MAV, 2025 WL 2695439, at *4 (N.D.N.Y. Sept. 22, 2025) ("Plaintiffs' specific requests to enjoin and modify" state-court orders of protection and child custody "clearly implicate the *Rooker-Feldman* doctrine"). *Cf. Wang v. Delphin-Rittmon,* 664 F. Supp. 3d 205, 214–15 (D. Conn. 2023) ("The problem for the defendants' Rooker-Feldman argument is obvious. Wang's amended complaint does not seek to hold the defendants liable for taking measures that were authorized by the state court order. To the contrary, he seeks to hold them liable for taking measures—including the forcible injection of Benadryl and the prolonged use of four-point restraints—that were *not* mentioned or expressly authorized by any terms of the state court order."); *Dorce v. City of New York,* 2 F.4th 82, 105 (2d Cir. 2021).

8

## II. *Younger* Abstention

Plaintiff's claims are also barred by *Younger* Abstention. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973)). This doctrine has been extended to civil actions. *See Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006); *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). *Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *DeRaffele v. Unified Ct. Sys. of New York*, No. 24-CV-1920 (CS), 2024 WL 1329355, at *4 (S.D.N.Y. Mar. 26, 2024) (citing *Jones v. Cnty. of Westchester*, 678 Fed. App'x 48, 49–50 (2d Cir. 2017)).

Thus, abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). "If a 'federal lawsuit implicates the way that New York courts manage their own . . . proceedings—a subject in which the states

have an especially strong interest'—a State's interest is most likely implicated, warranting abstention under *Younger*." *Id.* (quoting *Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015)). The Second Circuit has "determined that [a] state court order in a divorce and child custody proceeding fit[s] neatly under the third *Younger* category." *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022) (quotation omitted). When any of these types of proceedings are pending in state court, such as they are here, *Younger* abstention bars federal courts from ordering injunctive relief that interferes with the state court proceedings. *DeRaffele*, 2024 WL 1329355, at *4; *see People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 290 n.6 (S.D.N.Y. 2000) ("State proceedings are pending for *Younger* purposes until all appellate court remedies have been exhausted.").

Plaintiff's requests that orders in his ongoing matrimonial case be barred from docketing or enforcement unless a written motion preceded them implicate how the state court performs its judicial function and manages its proceedings. *Younger* abstention therefore applies, and this Court refrains from exercising jurisdiction over this action and will not intervene in those proceedings. *See Falco*, 805 F.3d at 427–28 (lawsuit that "implicates the way that New York courts manage their own divorce and custody proceedings" requires abstention because it would interfere with procedures uniquely integral to state's ability to perform its functions in such proceedings); *Skillings v. City of New York*, No. 21-CV-3034, 2023 WL 8531493, at *5 (E.D.N.Y. Jan. 19, 2023) (*Younger* abstention applies where lawsuit seeks declaratory

and/or injunctive relief that would interfere with ongoing state custody proceedings) (collecting cases). Plaintiff argues, briefly, that *Younger* abstention cannot apply because "[s]tate courts cannot enjoin Monroe County's administrative officer from accepting void orders," and that "state appellate process addresses judicial decisions, not county administrative customs." ECF No. 1 at 3. Even assuming those statements are true, the core issue Plaintiff is highlighting is that certain state court orders are allegedly void. Plaintiff's argument that the typical "administrative" or "ministerial" state processes to docket and enforce such court orders are the only, and purportedly disconnected, actions to deprive him of his constitutional rights is strained—and is rejected by the Court.

Because the Court finds it lacks subject matter jurisdiction over Plaintiff's claims, *see* Fed. R. Civ. P. 12(b)(1), the Court declines to rule on Defendants' alternative arguments for dismissal under Federal Rules of Civil Procedure 12(b)(6) and (7). *See Burton*, 738 F. Supp. 3d at 286.

### III. Leave to Amend

Although the Court finds that it is unlikely that Plaintiff can allege additional facts to state a valid claim, in light of his *pro se* status, the Court grants Plaintiff 30 days' leave to amend his complaint. *See DeRaffele*, 2024 WL 1329355, at *5; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Should Plaintiff attempt to do so, he must utilize the Court's § 1983 complaint form, which will be mailed to Plaintiff with other documents, and any proposed amended complaint must respect the following.

11

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each Defendant. Fed. R. Civ. P. 8, 10. Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why he is entitled to relief. Plaintiff must bear in mind the legal principles set forth in this Order in preparing his amended complaint. Because an amended complaint completely replaces, and not just supplements, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

To the extent Plaintiff intends to sue the Monroe County Clerk and Monroe County Sheriff in their official capacities, *see* ECF No. 1 at 2–4, such claims are subject to future dismissal under Rule 12(b)(6) as duplicative of a claim against Monroe County. *See Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) ("a § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.").

Although municipalities are considered "persons" for purposes of § 1983, a local government may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell*, 436 U.S. at 694. The threshold inquiry of any *Monell* analysis is whether an underlying constitutional violation occurred. *See Oliver v. City of New York*, 540 F. Supp. 3d 434, 436 (S.D.N.Y. 2021) ("In a lawsuit containing a *Monell* claim, if the plaintiff cannot show that his or her constitutional rights were violated by any individual defendants, the *Monell* claim will also fail." (citing *Askins v. Doe No. 1*, 727 F.3d 248, 253–54 (2d Cir. 2013)).

If the threshold issue is satisfied, "[a] municipality may be liable under § 1983 when, by implementation of 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that municipality's officers' or through practices that are so 'permanent and well settled' as to constitute governmental 'custom,' it deprives the plaintiff of a constitutional right." *Miller v. Cnty. of Monroe*, No. 23-CV-06649-FPG, 2024 WL 2804435, at *4 (W.D.N.Y. 2024) (brackets omitted) (quoting *Monell*, 436 U.S. at 690).

*Monell* liability is not a theory of *respondeat superior*, where an employer may be held vicariously liable for the tort of its employees. *See Monell*, 436 U.S. at 691; *Connick*, 536 U.S. at 60. Rather, under § 1983, local governments are responsible only for "their own illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). In other words, the municipality must be the "the moving force" causing the underlying constitutional violation. *Monell*, 436 U.S. at 694.

Here, in pursuit of the "threshold" element on a *Monell* claim, Plaintiff alleges that his due process rights were violated by the docketing and enforcement of state-court orders that were issued without having been preceded by a written motion. To the extent Plaintiff is arguing that a "person(s)" violated his due process rights because they failed to follow a state-court rule of civil procedure (as Plaintiff interprets that rule), more than mere alleged non-compliance with said rule is required to state a violation of his due process rights. *See Bolden v. Alston*, 810 F.2d 353, 358 (2d Cir. 1987) ("State procedural requirements do not establish federal constitutional rights."); *see also Mohamed v. Phelix*, No. 914CV01389TJMTWD, 2017

13

WL 4326660, at *10 (N.D.N.Y. June 13, 2017), *report and recommendation adopted*, No. 9:14-CV-01389, 2017 WL 4326520 (N.D.N.Y. Sept. 28, 2017) ("The law is clear that the violation by prison officials of state regulations or DOCCS directives "does not in itself give rise to a due process claim.").

Moreover, despite Plaintiff's strained recharacterizations, his allegations of a lack of notice and opportunity to be heard pertain to the issuance of the judicial order(s) themselves—not that there was a lack of, for example, separate notice before the judicial order was formally docketed or before the Sheriff's Office attempted to enforce it. Plaintiff takes issue with, for example, Judge Donofrio's January 2025 order "depriving" him of his residence with "[n]o notice" and "[n]o process." ECF No. 1 at 2. Looking to the inescapable bases of Plaintiff's due process claims, beyond preclusive issues of judicial immunity, the exhibits Plaintiff incorporated by reference into his complaint plainly show that the January 10 hearing was held with Plaintiff's own attorney present and acting on his behalf. ECF No. 1-1 at 3–4. Even assuming Plaintiff could demonstrate through discovery that there is a widespread practice in the Monroe County Clerk's Office of docketing orders without being preceded by written motion, there can be no *Monell* liability where Plaintiff cannot establish that an underlying individual violated his constitutional rights.

## CONCLUSION

For the reasons above, Defendants' motion to dismiss is granted. The Court does not have subject matter jurisdiction to adjudicate the inherent basis of Plaintiff's claims. Fed. R. Civ. P. 12(b)(1).

Plaintiff may file an amended complaint **within thirty (30) days of this Decision and Order,** in which he must include the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is again advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each intended Defendant so that the amended complaint stands alone as the only complaint in this action.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to dismiss, ECF No. 6, is GRANTED; and it is further

ORDERED that Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend only as directed above; and it is further

ORDERED that Plaintiff's motion for a TRO, ECF No. 3, and motion for a preliminary injunction, ECF No. 7, are DENIED AS MOOT; and it is further

ORDERED that Plaintiff may file an amended complaint only as directed above **within thirty (30) days of this Decision and Order**; and it is further

ORDERED that if Plaintiff does not file an amended complaint **within thirty (30) days of this Decision and Order**, the Clerk of Court shall enter judgment in favor of Defendants and close this case without further order of the Court; and it is further

ORDERED that the Clerk of Court shall mail to Plaintiff a copy of this Decision and Order, a copy of his original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:       October 30, 2025
             Rochester, New York

                                          _____
                                          HON. MEREDITH A. VACCA
                                          UNITED STATES DISTRICT JUDGE